**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**BATESVILLE DIVISION**

TRICIA McKERLIE                                                                    PLAINTIFF
ADC #709191

V.                                            NO: 1:10CV00030 SWW/HDY

CORRECTIONAL MEDICAL
SERVICES, INC. *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

1

hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on April 26, 2010, alleging that she has received inadequate medical care. Plaintiff named as Defendants Correctional Medical Services, Inc. ("CMS"), the University of Arkansas for Medical Sciences ("UAMS"), and the State of Arkansas.

On July 1, 2010, United States District Judge Susan W. Wright dismissed with prejudice Plaintiff's claims against the State of Arkansas and UAMS (docket entry #15). Pending before the Court is a motion to dismiss, along with a brief in support, filed by CMS (docket entries #10-#11). Plaintiff has filed a response (docket entry #12).

### I.  Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the

2

pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to CMS, Plaintiff's claims against it should be dismissed due to her failure to exhaust her administrative remedies before she filed this lawsuit.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).  The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory."  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

3

In support of its assertion that Plaintiff failed to exhaust her administrative remedies prior to filing this lawsuit, CMS references Plaintiff's complaint, in which she asserts that she did not file any grievances with respect to her claims, because grievances "really don't work" (docket entry #1, page #2).  In her response to the CMS motion, Plaintiff offers nothing to suggest that she filed any grievance regarding the claims at issue in this complaint.  Accordingly, CMS's motion should be granted, and Plaintiff's claims against it should be dismissed, due to Plaintiff's failure to exhaust her administrative remedies prior to filing this lawsuit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the motion to dismiss filed by Correctional Medical Services, Inc. (docket entry #10) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to her claims against Correctional Medical services, Inc., and DISMISSED WITH PREJUDICE with respect to her claims against the State of Arkansas, and the University of Arkansas for Medical Sciences.

DATED this   6   day of July, 2010.


_____
UNITED STATES MAGISTRATE JUDGE